IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL PERKINS, aka IMANKHWAJA SHABAZZ-ELIJAH ASKARI,<br><br>    Plaintiff,<br><br>    vs.<br><br>BENJAMIN GARCIA, et al.,<br><br>    Defendants.<br>_____ / | CV F 03 5610 AWI  WMW P<br><br><br>ORDER RE: FINDINGS &<br> RECOMMENDATIONS (#18) |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On November 5, 2005, the Magistrate Judge concluded that the complaint must be dismissed.  The Magistrate Judge gave notice of the pleading deficiencies in the complaint, namely that the complaint failed to allege how Defendants' failure to hire a Muslim Chaplain burdened Plaintiff's practice of religion.   The Magistrate Judge then granted Plaintiff leave to filed an amended complaint within thirty days.   Pursuant to Plaintiff's request, on December 28, 2005, the Magistrate Judge gave Plaintiff an additional thirty days in which to file an amended complaint.

After more than thirty days passed without Plaintiff filing an amended complaint, on April 13, 2005, the Magistrate Judge entered findings and recommendations, recommending dismissal of this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within thirty days. Plaintiff has not filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court adopts the recommendation that the action be dismissed. No complaint is currently on file in this action, and this case cannot proceed with a complaint on file. Further, the original complaint was properly dismissed for failure to state a claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint. The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise in an amended complaint if Plaintiff never files an amended complaint. The availability of less drastic sanctions has been considered, but given that no complaint is on file, the court has no effective sanction but to close the case.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on April

1  13, 2005, are adopted in full; and

2      2. This action is dismissed for failure to state a claim upon which relief can be

3  granted. The Clerk is directed to close this case.

5  IT IS SO ORDERED.

6  **Dated:**   **May 24, 2005**                    **/s/ Anthony W. Ishii**
   0m8i78                                      UNITED STATES DISTRICT JUDGE